# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GARCIA,** | Case No. 14 C 5367 |
| Plaintiff, | Judge Harry D. Leinenweber |
| v. | |
| **RECEIVABLES PERFORMANCE MANAGEMENT, LLC,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Garcia ("Garcia") brings this action against Defendant Receivables Performance Management, LLC ("RPM"), a licensed debt collection agency, alleging that RPM engaged in unlawful collection practices in violation of the federal Fair Debt Collection Practices Act (the "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA" or the "Act"). RPM has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. BACKGROUND

On October 24, 2012, Garcia initiated a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Illinois. *See, In re Michael Garcia,*

No. 12 B 42277. Prior to filing for bankruptcy, Garcia defaulted on his payment obligations under a cell phone contract with Verizon Wireless ("Verizon"). On December 19, 2012, Garcia submitted an Amended Schedule G and Modified Chapter 13 Plan listing Verizon as a creditor. Despite the inclusion of the Verizon debt on the Modified Plan, Garcia continued to receive demands for payment. In October and November 2013, Verizon sent two Dunning letters to Garcia, indicating that the debt had been "placed into collections."

On January 22, 2014, Garcia converted his bankruptcy into a Chapter 7 proceeding. Sometime thereafter, Verizon employed RPM to collect the debt and, in March 2014, RPM mailed Garcia a Dunning letter that Garcia contends violated the FDCPA and the ICFA. On April 8, 2014, the Bankruptcy Court discharged Garcia of his existing debt obligations. Four months later, on July 14, 2014, Garcia filed this action against RPM seeking damages for its alleged unlawful collection practices.

## II. ANALYSIS

In its Motion to Dismiss, RPM contends that this lawsuit is barred under the doctrine of judicial estoppel because Garcia failed to disclose his FDCPA and ICFA claims to the Bankruptcy Court prior to discharge. RPM also argues that Garcia's ICFA claim must be dismissed for the additional reason that he has

2

failed to allege actual damages, which are required under the Act.

### A. Judicial Estoppel

Judicial estoppel is an equitable concept "designed to protect the integrity of the judicial process and to prevent litigants from playing fast and loose with the courts." *Butler v. Vill. of Round Lake Police Dep't,* 585 F.3d 1020, 1022 (7th Cir. 2009) (citation and quotation marks omitted). Thus, under the doctrine of judicial estoppel, "a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in another one." *Id*. Although the conduct detailed in Garcia's complaint arose well after he filed for bankruptcy, RPM contends that Garcia had a continuing duty to report all potential claims to the Bankruptcy Court and that his failure to do so prior to discharge cuts off his right to relief in this suit.

While it is true that a Chapter 13 debtor is required to report any property (a potential claim is considered property in a bankruptcy proceeding) "the debtor acquires after commencement of the case but before the case is closed, dismissed, or converted to a case under [C]hapter 7, 11, or 12," 11 U.S.C. § 1306(a)(1), the same disclosure provisions do not apply to Chapter 7 debtors. *See, In re Wakefield,* 312 B.R. 333, 338-39 (N.D. Tex. 2004). As the court in *In re Wakefield* explained, "a

3

Chapter 13 case, like a Chapter 11 case, imposes different obligations on a debtor than does a Chapter 7 case because it provides the debtor with different rights." *Id.* Specifically, a Chapter 13 debtor remains in possession of all property of the estate. 11 U.S.C. § 1306(b). Thus, "the Chapter 13 debtor has a continuing duty to disclose property and earnings acquired after the commencement of the case [because the] debtor's ability to confirm a plan and ultimately obtain a discharge turns, in part, on those assets and earnings." *In re Wakefield,* 312 B.R. at 339. Once a debtor converts his bankruptcy to a Chapter 7 proceeding, however, the continuing disclosure obligations under Chapter 13 no longer control. *See,* 11 U.S.C. § 103(i). Therefore, since Garcia's claims against RPM did not arise until after his Chapter 7 conversion, he would not have been required to report his potential FDCPA and ICFA claims to the Bankruptcy Court.

Apparently recognizing the shortcoming of its aforementioned position, RPM advances the separate argument in its reply papers that Garcia's claims are "so sufficiently rooted in the pre-bankruptcy past" that, under the Supreme Court's holding in *Segal v. Rochelle,* 382 U.S. 375 (1966), he would have had an obligation to report them at the time he filed his petition for bankruptcy. (Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") at 2, ECF No. 18 (quoting *Segal*, 382 U.S. at 380)). In *Segal,* the Supreme Court ruled that a debtor's loss-carryback tax refund

4

claim was property of the estate and therefore should have been disclosed when the debtor filed for bankruptcy, even though the debtor would not have been entitled to the refund until after the tax year closed, which was well after bankruptcy proceedings had begun. Although the debtor in that case had no immediate right to the tax refund, the Court found it significant that that he "possessed an existing interest at the time of filing." *In re Vote,* 276 F.3d 1024, 1026 (8th Cir. 2002). Thus, under *Segal,* "so long as the events giving rise to the claim are sufficiently rooted in the pre-bankruptcy past," the cause of action must be reported at the time the bankruptcy petition is filed. *In re Patterson,* Nos. 08-3025, 07-31735, 2008 WL 2276961, at *5 (Bankr. N.D. Ohio June 3, 2008).

Here, although the Verizon debt existed prior to the commencement of Garcia's bankruptcy proceedings, the conduct giving rise to his FDCPA and ICFA claims did not occur until a year and a half later when RPM began its attempts to collect the debt. Thus, Garcia could not have acquired a property interest in those claims until after he filed for bankruptcy. (Verizon's own previous attempts to collect the debt do not change this analysis, since Garcia's claims are against RPM, not Verizon). Accordingly, even under the Supreme Court's broad interpretation of what constitutes property of the estate, Garcia was not required to report the claims he now asserts in this suit.

For these reasons, the Court finds no basis for barring Garcia's claims under the doctrine of judicial estoppel.

### B. Failure to State an ICFA Claim

RPM also argues that Garcia's ICFA claim should be dismissed because his Complaint fails to disclose actual damages sufficient to entitle him to relief. "If a plaintiff cannot establish that the defendant's conduct caused him or her to suffer actual damages, no recovery under the [ICFA] will lie." *Price v. Philip Morris, Inc.,* 848 N.E.2d 1, 55 (Ill. 2005) (Karmeier, J., specially concurring). Although Garcia contends that his allegation that he "incurred costs and expenses meeting with his attorneys as a result of [RPM's] deceptive collection actions," (Compl. ¶ 28, ECF No. 1), is enough for purposes of stating a claim, those costs are not compensable as actual damages under the ICFA. Rather, they are recoverable separately pursuant to Section 10a(c) of the Act, which gives courts discretion to grant reasonable attorney's fees and costs to the prevailing party. 815 Ill. Comp. Stat. 505/10a(c). Since the statute differentiates between attorney's fees and actual damages, it is clear that Garcia must allege more than just pecuniary losses relating to meetings he had with his attorneys. Accordingly, his ICFA claim must be dismissed.

### III. CONCLUSION

For the reasons stated herein, RPM's Motion to Dismiss [ECF No. 11] is granted in part and denied in part. Garcia's ICFA claim in Count II is dismissed without prejudice.

Garcia shall serve and file an Amended Complaint within fourteen (14) days of the entry of this Order. Responsive pleadings shall be due within ten (10) days thereafter. A status conference shall be held in Courtroom 1941 on December 4, 2014, at 9:00 a.m.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**Harry D. Leinenweber, Judge**
　　　　　　　　　　　　　　　　　　　**United States District Court**

**Dated:11/3/2014**